1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    BERHANU G. KELBESSA,                    CASE NO. C24-1547JLR

11                        Plaintiff,          ORDER

12              v.

13    YVES GERSTER,

14                        Defendant.

15        On September 27, 2024, *pro se* Plaintiff Berhanu G. Kelbessa commenced this

16    lawsuit against Defendant Yves Gerster.  (*See* Compl. (Dkt. # 1).)  The time for serving

17    the summons and complaint expired on December 26, 2024.  *See* Fed. R. Civ. P. 4(m).

18    On January 16, 2025, United States Magistrate Judge David W. Christel ordered Plaintiff

19    to show cause why this case should not be dismissed without prejudice based on

20    Plaintiff's failure to timely serve Defendant in accordance with Federal Rule of Civil

21    Procedure 4(m).  (OSC (Dkt. # 7).)  On February 3, 2025, Plaintiff responded to the order

22    to show cause stating that Plaintiff had served Defendant by certified mail in September

1    2024.  (Resp. (Dkt. # 8).)  Because Plaintiff did not show that Defendant had been

2    properly served and the parties therefore could not consent to proceed before Magistrate

3    Judge Christel, the case was reassigned to the undersigned.  (*See* 3/13/25 Order (Dkt.

4    # 9).)  On March 14, 2025, Plaintiff filed a letter stating that Plaintiff "sent clarification

5    on January 31, 2025 about the proof of service . . . including the copy of court stamped

6    form AO 440 . . . dated Sep. 30, 2024."[1]  (Letter (Dkt. # 10).)

7            Based on the court's review of Plaintiff's response and subsequent letter, Plaintiff

8    has not timely effected proper service on Defendant in accordance with Rule 4.  Proper

9    service of a summons and complaint on an individual may be effectuated by personally

10   delivering a copy of both to an individual, leaving a copy of both at the individual's

11   dwelling with someone of suitable age and discretion who resides there, or delivering a

12   copy of both to an agent authorized to receive service.  Fed. R. Civ. P. 4(e)(2).  Pursuant

13   to Rule 4(e)(1), service may also be made according to the law of the state where the

14   district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  Here, Plaintiff

15   can satisfy Rule 4(e)(1) by serving Defendant in a manner consistent with either

16   Washington or New Jersey law.  (*See* Compl. at 4 (noting that Defendant is a resident of

17   New Jersey).)

18           In Washington, service by mail is permissible if the plaintiff demonstrates that he

19   or she made reasonably diligent efforts to personally serve the defendant.  *See Freeze v.*

20

21   ────────────────

        [1] The court understands the "clarification" purportedly sent on January 31, 2025 to be
22   Plaintiff's response to Magistrate Judge Christel's order to show cause, which was filed on
     February 3, 2025.  (*See* Resp. at 4 (showing AO 440 form dated September 30, 2024).)

1  *McDermott*, No. C22-1844JLR, 2023 WL 2913788, at *1 (W.D. Wash. Apr. 12, 2023);

2  *see also* RCW 4.28.080(16) (requiring personal service of the summons and complaint to

3  the individual defendant); RCW 4.28.080(17) (allowing substituted service only after

4  plaintiff has attempted, "with reasonable diligence," to personally serve the individual).

5  To demonstrate reasonably diligent efforts, the plaintiff must make "honest and

6  reasonable efforts to locate the defendant" and effectuate personal service.  *See Pascua v.*

7  *Heil*, 108 P.3d 1253, 1258 (Wash. Ct. App. 2005) (quoting *Martin v. Meier*, 760 P.2d

8  925, 930 (Wash. 1988)).  "While reasonable diligence does not require the plaintiff to

9  employ all conceivable means to locate the defendant, it does require the plaintiff to

10  follow up on any information possessed that might reasonably assist in determining the

11  defendant's whereabouts."  *Id.* (citing *Carson v. Northstar Dev. Co.*, 814 P.2d 217, 221

12  (Wash. Ct. App. 1991)).

13       Similarly, the New Jersey Rules of Court provide that service may be made by

14  mail to the defendant's "usual place of abode" only if "personal service cannot be

15  effected after a reasonable and good faith attempt, which shall be described with

16  specificity in the proof of service required by R[ule] 4:4-7."  N.J. Ct. R. 4:4-3(a).  Rule

17  4:4-7, in turn, requires the serving party to "make proof thereof by affidavit which shall

18  also include the facts of the failure to effect personal service and the facts of the affiant's

19  diligent inquiry to determine defendant's place of abode, business or employment,"

20  including "affidavits of inquiry, if any, required by R[ule] 4:4-4 and R[ule] 4:4-5."  N.J.

21  Ct. R. 4:4-7.  An affidavit of inquiry must demonstrate that the person making service has

22  inquired

of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; . . . in person or by letter . . . ; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it.  The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

N.J. Ct. R. 4:4-5(b).

 Here, Plaintiff has not demonstrated any effort to personally serve Defendant in accordance with Rule 4(e) sufficient to justify service by mail under Washington or New Jersey law.  (*See generally* Resp.; Letter.)  As this case stands, therefore, the court does not have personal jurisdiction over Defendant.  *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4].").

Accordingly, the court ORDERS Plaintiff to show cause, by **April 24, 2025**, why this action should not be dismissed based on Plaintiff's failure to properly serve Defendant in accordance with Rule 4.  Alternatively, Plaintiff may respond, by **April 24, 2025**, by filing sufficient proof of service under Rule 4(l) to show that Defendant has been properly served or has agreed to waive service.

//

//

ORDER - 4

1         If Plaintiff does not properly serve Defendant by this deadline or demonstrate

2    good cause for failure to comply with Rule 4, the court will dismiss this action without

3    prejudice.

4         Dated this 24th day of March, 2025.

5

6         JAMES L. ROBART
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22