UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERHANU G. KELBESSA, <br><br> Plaintiff, <br><br> v. <br><br> HUDSON A. DUFRY COMPANY, <br><br> Defendant. | CASE NO. C24-1547JLR <br><br> ORDER |

In September 2024, Plaintiff Berhanu G. Kelbessa initiated this lawsuit naming Yves Gerster, CEO of Hudson A. Dufry Company, as the defendant. (*See* Compl. (Dkt. # 1).) On April 8, 2025, the court dismissed Mr. Kelbessa's complaint for failure to accomplish personal service on Mr. Gerster or to show that Mr. Gerster agreed to waive service. (4/8/25 Order (Dkt. # 13); Judgment (Dkt. # 14).) As relevant here, on April 10, 2025, Mr. Kelbessa filed a letter with the court seeking to substitute "Hudson A*DUFRY Company" for then-defendant Mr. Gerster. (Letter (Dkt. # 15).) On April 15, 2025, the court denied Mr. Kelbessa's substitution request because Mr. Kelbessa had not

ORDER - 1

demonstrated an attempt to effectuate service on that corporate entity in accordance with Rule 4(h). (*See* 4/15/25 Order (Dkt. # 16) at 2-3.)

On April 17, 2025, Mr. Kelbessa filed a declaration to which he attached a copy of his original complaint, with the caption modified to reflect "CEO - Hudson A*DUFRY Co. c/o Hudson Group" as the defendant. (*See* 4/17/25 Decl. (Dkt. # 17) at 6-7.) Mr. Kelbessa also filed a form purportedly showing that the modified complaint and summons were personally delivered to Hudson A. Dufry Company's registered agent on April 16, 2025. (*See id.* at 1-2; *see id.* at 3 (identifying the registered agent).) The court construed Mr. Kelbessa's declaration as a motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b), which authorizes a court to grant a party relief from a final order or judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

On May 19, 2025, the court concluded that granting Mr. Kelbessa relief from the court's final order and judgment was appropriate.[1] (5/19/25 Order (Dkt. # 18).) However, because the court had not granted Mr. Kelbessa leave to amend his complaint to substitute Hudson A. Dufry Company as defendant at the time Mr. Kelbessa served Hudson A. Dufry Company's registered agent (*see* 4/15/25 Order), the complaint that Mr. Kelbessa served on April 16, 2025, was improper. Accordingly, the court ordered Mr. Kelbessa to file his amended complaint naming "Hudson A. Dufry Company c/o Hudson Group" as the defendant by May 30, 2025, and to serve the amended complaint

---

[1] The court explained the basis for its decision that Mr. Kelbessa was entitled to Rule 60(b)(6) relief in its May 19, 2025 order and does not repeat that analysis here. (*See* 5/19/25 Order at 2-3.)

ORDER - 2

1 | on Hudson A. Dufry Company's registered agent in accordance with Federal Rule of
2 | Civil Procedure 4 by June 23, 2025.  (5/19/25 Order at 3.)  The court warned Mr.
3 | Kelbessa that it would dismiss his case without prejudice if he failed to demonstrate that
4 | he had served Hudson A. Dufry Company's registered agent or that Hudson A. Dufry had
5 | waived service by the June 23 deadline.  (*Id.*)
6 |     Mr. Kelbessa did not file his amended complaint on the docket by May 30, nor did
7 | he demonstrate that Hudson A. Dufry Company's registered agent was properly served
8 | with the amended complaint or waived service by the June 23 deadline.  (*See generally*
9 | Dkt.)  The court therefore DISMISSES Mr. Kelbessa's case without prejudice.
10 |     Dated this 25th day of June, 2025.

JAMES L. ROBART
United States District Judge